Patricia CAMPBLIN, Petitioner—
Appellant,

v.

Michael CHERTOFF, The Honorable
Secretary, United States Department
of Homeland Security; Julie Meyers,
Assistant Secretary, Immigration and
Customs Enforcement; Mary Loiselle,
Field Office Director, Immigration
and Customs Enforcement Detention,
Deportation and Removal; Roy Cher-
ry, Warden, Respondents—Appellees.

No. 07–7434.

United States Court of Appeals,
Fourth Circuit.

Submitted: May 16, 2008.

Decided: June 9, 2008.

Billy L. Ponds, The Ponds Law Firm,
Washington, D.C., for Appellant. Jeffrey
S. Bucholtz, Acting Assistant Attorney
General, David M. McConnell, Deputy Di-
rector, Papu Sandhu, Office of Immigra-
tion Litigation, United States Department
of Justice, Washington, D.C., for Appel-
lees.

Before MICHAEL, MOTZ, and
SHEDD, Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Patricia Campblin, a native and citizen
of Panama, appeals the district court's or-
der dismissing her 28 U.S.C. § 2241 (2000)
petition for lack of jurisdiction. Finding
no reversible error, we affirm.

The REAL ID Act of 2005, Pub.L. No.
109–13, 119 Stat. 231, amended 8 U.S.C.
§ 1252 to provide that "[n]otwithstanding
any other provision of law ..., including
section 2241 of title 28, ... a petition for
review filed with an appropriate court of
appeals ... shall be the sole and exclusive
means for judicial review of an order of
removal entered or issued under any pro-
vision of this Act." 8 U.S.C.A. § 1252(a)(5)
(West 2005); see Fernandez v. Keisler, 502
F.3d 337, 346 (4th Cir.2007) (finding that
REAL ID Act "expressly eliminated dis-
trict courts' habeas jurisdiction over re-
moval orders"); Jahed v. Acri, 468 F.3d
230, 233 (4th Cir.2006) ("The REAL ID
Act eliminated access to habeas corpus for
purposes of challenging a removal order.").
Accordingly, we find that the district court
properly dismissed Campblin's § 2241 pe-
tition for lack of jurisdiction.

In her brief on appeal, Campblin does
not dispute the fact that the district court
lacked jurisdiction, but instead argues that
the district court should have transferred
her habeas petition to this court pursuant
to 28 U.S.C. § 1631 (2000) for consider-
ation as a petition for review. Because it
appears that Campblin's underlying claim—
an equal protection challenge to § 212(h)
of the Immigration and Nationality Act—
lacks merit, we find that a transfer would
not have been in the interest of justice and
that no abuse of discretion occurred. See
Malagon de Fuentes v. Gonzales, 462 F.3d
498, 506 (5th Cir.2006) (collecting cases
rejecting equal protection challenge to
§ 212(h)); see also Jones v. Braxton, 392
F.3d 683, 691 (4th Cir.2004) ("Congress
has explicitly granted the district courts

discretion over transfers under section 1631.").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*